## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| Yukia Grier, | ) | |
| | ) | Civil Action No.: 1:18-cv-01605-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 13, 2019. (ECF No. 20.) The Report addresses Plaintiff Yukia Grier's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 20), incorporating it herein, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 20.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on July 28, 2017, and denied Plaintiff's claim for DIB and SSI. (ECF No. 10-2 at 27.) Although the ALJ found that Plaintiff possesses severe impairments, including facet atrophy of the lumbar spine and obesity, the ALJ concluded that Plaintiff "does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (*Id.* at 18–20.) In addition, the ALJ concluded that Plaintiff "has the residual functional capacity [("RFC")] to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the ability to lift and carry 20 pounds occasionally and 10 pounds frequently, except she would need to change positions after standing/walking after one hour to sitting . . . ." (*Id.* at 20.) As it related to her RFC, the ALJ also determined that Plaintiff is able to "tolerate routine changes in work setting," "frequently balance, but occasionally stoop, kneel, crouch, or crawl," and "can occasionally reach overhead bilaterally with upper extremities . . . ." (*Id.*) Plaintiff requested the Appeals Council ("the Council") to review the ALJ's decision and was denied that request on May 3, 2018. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on June 13, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that "the ALJ failed to meet his burden at step five because the [vocational expert's] testimony did not provide substantial evidence to show that [Plaintiff's] RFC would allow him to perform work that existed in significant numbers." (ECF No. 20 at 36.) Specifically, the Magistrate Judge found that the ALJ "did not take the necessary steps to independently identify and resolve the apparent conflict between Plaintiff's RFC and her ability to meet the demands" of various occupations that required a GED reasoning level of two or three. (*Id.* at 39.) The Magistrate Judge further determined that "[t]he Commissioner appears to concede the ALJ's error, as she argues that the 'oversight was harmless.'" (*Id.* at 40 (citing ECF

No. 16 at 5).) On this basis, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 43.)

The parties were apprised of their opportunity to file specific objections to the Report on March 13, 2019. (*Id.* at 44.) Objections to the Report were due by March 27, 2019. (ECF No. 20) Neither party filed any objection to the Magistrate Judge's Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not

required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 20.) Because no specific objections were filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

April 18, 2019
Columbia, South Carolina