# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Yukia Grier, | ) |
| | ) Civil Action No.: 1:18-cv-01605-JMC |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| Andrew M. Saul, Commissioner of Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

This matter is before the court upon motion of Plaintiff Yukia Grier's ("Plaintiff") Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed on July 18, 2019. (ECF No. 23.) Defendant Commissioner of Social Security Administration ("the Commissioner") responded to Plaintiff's Motion on July 31, 2019, and the parties agreed to a stipulation that Plaintiff should be awarded four thousand four hundred and twenty-one dollars and eighty-eight cents ($4,421.88) in attorney's fees and twenty dollars and sixty-four cents in expenses ($20.64). (ECF No. 24 at 1.) After reviewing Plaintiff's Motion (ECF No. 23) and the Commissioner's Response (ECF No. 24), the court finds that the stipulated request for fees and expenses is reasonable and that Plaintiff is entitled to an award of attorney's fees and expenses under the EAJA in the stipulated amount.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security Administration. *See* Jim Borland, *Social Security Welcomes its New Commissioner*, SOC. SEC. ADMIN.: BLOG (June 17, 2019), https://blog.ssa.gov/social-security-welcomes-its-new-commissioner/. Thus, Andrew M. Saul is automatically substituted as a party in the instant matter. *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded.") The court directs the Clerk of Court for the United States District Court for the District of South Carolina to substitute Andrew M. Saul as the Commissioner of Social Security Administration for all pending social security cases.

1

In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), EAJA fees awarded by this court belong to the litigant, thus subjecting EAJA fees to be offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B). Therefore, the court directs that fees be payable to Plaintiff and delivered to Plaintiff's counsel. *Ratliff*, 560 U.S. at 589. The amount of attorney's fees payable to Plaintiff will be the balance of stipulated attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. 31 U.S.C. § 3716. If Plaintiff's outstanding federal debt exceeds the amount of attorney's fees under the stipulation, the stipulated amount will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid. *See* 31 U.S.C. § 3716. (*See also* ECF No. 27 at 1–2).

After a thorough review of Plaintiff's Motion (ECF No. 23) and the Commissioner's Response (ECF No. 24), the court **GRANTS** Plaintiff's Motion for Attorneys' Fees (ECF No. 23) and awards four thousand four hundred and twenty-one dollars and eighty-eight cents ($4,421.88) in attorney's fees and twenty dollars and sixty-four cents in expenses ($20.64).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 2, 2019
Columbia, South Carolina